J-S08031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK W. KARASH, | : | |
| | : | |
| Appellant | : | No. 1084 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 24, 2019
in the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-SA-0000091-2016

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 3, 2020**

Frederick W. Karash ("Karash") appeals from the judgment of sentence entered following his citation for having an insufficient number of personal flotation devices aboard his boat.[1]  After review, we conclude that this case falls within the exclusive jurisdiction of the Commonwealth Court.  Therefore, we transfer this appeal to the Commonwealth Court.

In a prior appeal, an *en banc* panel of this Court summarized the history underlying the instant appeal as follows:

> On May 23, 2016, Waterways Conservation Officer (WCO) James Smolko observed people fishing from [Karash's] boat while on patrol on Lake Erie.  After confirming the individuals' compliance with fishing license requirements, WCO Smolko conducted a safety inspection of [Karash's] boat.  WCO Smolko determined that there were an insufficient number of personal flotation devices aboard the vessel.  He cited [Karash] for violating 30 Pa.C.S.A. § 5123(a)(5). WCO Smolko provided an additional

---

[1] *See* 30 Pa.C.S.A. § 5123(a)(5).

personal flotation device and permitted [Karash] to continue boating.

… On June 23, 2016, a magisterial district judge found [Karash] guilty of the charged offense. [Karash] filed a timely [N]otice of [A]ppeal to the Court of Common Pleas of Erie County. Prior to the trial *de novo*, [Karash] filed a suppression Motion arguing that the stop constituted an unreasonable search and seizure under the federal and state constitutions.

The trial court conducted a combined suppression hearing and trial *de novo* on September 9, 2016. The trial court denied [Karash's] suppression [M]otion, found him guilty, and sentenced him to a $75.00 fine. [Karash] timely filed a [N]otice of [A]ppeal to this Court. A divided three-judge panel reversed [Karash's] conviction and found that the stop violated [Karash's] constitutional right to be free from unreasonable searches and seizures. Thereafter, this Court granted the Commonwealth's reargument [P]etition and vacated the three-judge panel's decision. [Karash], who previously [had] appeared *pro se*, was represented by counsel for our *en banc* proceedings. Moreover, *amici curiae* filed briefs in support of the Commonwealth and participated in oral argument.

**Commonwealth v. Karash**, 192 A.3d 285 (Pa. Super. 2018) (*en banc*) (unpublished memorandum at 1-2).

Before the *en banc* Court, Karash challenged the denial of his suppression Motion. **Id.** (unpublished memorandum at 3). Concluding that deficiencies in the record precluded review, the *en banc* Court vacated Karash's judgment of sentence and remanded for a new suppression hearing so that a record could be developed on the issues. **Id.** (unpublished memorandum at 4-5). However, in so holding, this Court pointed out that the Commonwealth Court has jurisdiction over such appeals:

Jurisdiction over this appeal properly lies with the Commonwealth Court. **See** 42 Pa.C.S.[A.] § 762(a)(2)(i) ("[T]he Commonwealth

> Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas … [for] … [a]ll criminal actions or proceedings for the violation of any … [r]ule, regulation or order of any Commonwealth agency[.]"). However, this Court has the authority to assume jurisdiction over this appeal pursuant to Pennsylvania Rule of Appellate Procedure 741(a).[2] **We caution the parties, however, that we may transfer any future appeal in this case to the Commonwealth Court.**

*Karash*, 192 A.3d 285 (Pa. Super. 2018) (unpublished memorandum at 5 n.1) (emphasis and footnote added). Notwithstanding, the instant appeal was filed in the Superior Court.

The Commonwealth Court has expertise in the law regarding the state agencies involved in this case. Additionally, we seek to avoid the risk of establishing conflicting lines of authority between this Court and the Commonwealth Court. Consequently, we deem it necessary to transfer Karash's appeal to the Commonwealth Court for disposition.

Case transferred to the Commonwealth Court. Superior Court jurisdiction relinquished.

---

[2] Rule 741 provides, in relevant part, that the failure of an appellee "to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court." Pa.R.A.P. 741(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2020